PER CURIAM:
The appellants, limited partners in Dutch Inn of Orlando, Ltd., [Dutch Inn], appeal from the district court’s affirmance of the bankruptcy judge’s ruling that they lacked standing to object to the sale by Dutch Inn of the bulk of its assets. The appellant limited partners contend that the bankruptcy court improperly precluded them from objecting to the sale of the partnership’s assets under the terms of the limited partnership agreement and the applicable provisions of Florida law. We affirm.
Dutch Inn is a limited partnership whose assets consist primarily of a leasehold interest in real property adjacent to Disney World, upon which it erected a six-hundred room hotel. It initiated this proceeding under Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801-926 (repealed 1979), by filing a petition in bankruptcy on July 2,1976. In February, 1978, the bankruptcy court adjudicated Dutch Inn to be a bankrupt but stayed its order pending appeal. Following an attempt by a major creditor of Dutch Inn to force a sale of its assets, the bankruptcy court found on August 10, 1978, that Dutch Inn had substantial equity in the unexpired portion of its leasehold interest. Later in August, Dutch Inn filed a fifth amended plan of arrangement and in September, 1978, it petitioned the court to authorize the sale of its assets to fund the plan. Following a hearing, the bankruptcy judge, on September 28, 1978, approved the sale and on October 5, 1978, confirmed the plan of arrangement.
The appellants, who constituted a minority of the limited partners of Dutch Inn, appeared at the hearing to object to the sale and filed an objection to the plan of arrangement, contending that the limited partnership agreement prohibited the partnership from selling its assets without the written consent of the limited partners. *508 The bankruptcy judge ruled that the limited partners lacked standing to object to the sale of the partnership’s assets because they were not materially and adversely affected by the bankruptcy proceedings since the partnership’s liabilities exceeded its assets, the limitation on the sale of the partnership’s assets was not contained in the Certificate of Limited Partnership issued by the Florida Secretary of State to Dutch Inn, and the appellants held a minority of the limited partnership interests in Dutch Inn. On appeal the District Court affirmed the decision of the bankruptcy judge, concluding that the limitation contained in the limited partnership agreement was of no effect and that the appellant limited partners had not shown that the findings of fact upon which the bankruptcy judge premised his approval of the sale were clearly erroneous. On this appeal the appellant limited partners contend that the lower court’s determination that they were without standing to object to the sale of the partnership’s assets constituted an erroneous application of Florida partnership law. We conclude that the lower courts correctly found the appellant limited partners to be without standing and, therefore, affirm.
The limited partners of Dutch Inn lacked standing to object to the sale of its assets on two grounds. First, they were not materially and adversely affected by the approval of the sale of assets and Dutch Inn’s plan of arrangement since the partnership’s debts exceeded its total assets. Second, the limitation upon the partnership’s ability to sell its assets upon which the appellant limited partners rely appears only in the limited partnership agreement and is contrary to other parts of the agreement and to the terms of the Certificate of Partnership issued to Dutch Inn by the Florida Secretary of State.
As limited partners of Dutch Inn, the appellants possess a personal property interest in the partnership’s profits and surplus, which interest is subordinate to the interests of all of the partnership’s creditors. Fla.Stat.Ann. §§ 620.15, .18, .23 (West). Although the partnership had a substantial equity in its leasehold interest, the bankruptcy court specifically found that the partnership’s total debts exceeded the value of its assets, and the appellant limited partners have not attacked that finding on this appeal as being clearly erroneous. Accepting this finding, as we must, means that once the claims of the partnership’s creditors were satisfied, no profit or surplus would remain for distribution to the limited partners. They thus were not materially and adversely affected by these proceedings. 11 U.S.C. §§ 806(7), 807 (repealed 1979). See In re Northern Illinois Development Corp., 309 F.2d 882 (7th Cir. 1962), cert. denied, 372 U.S. 965, 83 S.Ct. 1090, 10 L.Ed.2d 129 (1963), appeal following remand, 324 F.2d 104 (7th Cir.), cert. denied, 376 U.S. 938, 84 S.Ct. 792, 11 L.Ed.2d 658 (1964). Since the appellant limited partners did not qualify as creditors who hold a claim affected by the Dutch Inn’s proposed plan of arrangement, they lack standing to object to the confirmation of the plan and the sale of Dutch Inn’s assets under 11 U.S.C. § 861 (repealed 1979).
The appellant limited partners base their argument that they are entitled to object to the sale of the partnership’s assets without their prior consent upon paragraph 6(a) of the “Limited Partnership Agreement,” which provides: “Notwithstanding anything herein contained to the contrary, however: (a) Neither the leasehold interest of the Partnership nor the hotel may be sold without[1]'the consent of the Limited Partners.” Paragraph 9 of the agreement, however, states:
Anything herein contained to the contrary notwithstanding, the Limited Partners shall have no voice in or right to manage or control the Partnership affairs and business and shall be deemed to have only those rights concerning the conduct of Partnership affairs as are provided for limited partners pursuant to the Partnership Law of the State of Florida.
*509 The Certificate of Limited Partnership issued to Dutch Inn by the State of Florida does not contain the restriction upon the sale of the partnership’s assets that appears in the partnership agreement but does dictate in Article IX that:
The Limited Partners shall take no part in or interfere in any manner with the conduct or control of the Partnership business, and shall have no right or authority to act for or bind the Partnership. All Partnership decisions shall be made by any two of the General Partners.[1]
We agree with the courts below that in light of the apparent inconsistency between paragraph 6(a) of the agreement and paragraph 9 of the agreement’ and Article IX of the Certificate, the agreement did not limit the authority granted to the general partners by Florida law to convey the real property of the partnership without the consent of the limited partners.[2]
AFFIRMED.

. Under Fla.Stat.Ann. § 620.09(1) (West), every general partner of a limited partnership has the authority to execute a conveyance of the partnership’s real property, and section 620.081(3) provides that:
Any estate in real property may be acquired in the partnership name. Title so acquired shall be conveyed or encumbered in the partnership name. Unless otherwise provided in the certificate, a conveyance or encumbrance of real property held in the partnership name, and any other instrument affecting title to real property in which the partnership has an interest, shall be executed in the partnership name by one of the general partners.
Fla.Stat.Ann. § 620.081(3) (West) (emphasis added).

. The appellant limited partners also argue that Fla.Stat.Ann. § 620.09(2) (West) bars the general partners from altering the character of the partnership’s business without the written consent of all of the limited partners and that the sale of the Dutch Inn’s sole asset, the hotel and leasehold interest, is a change in the character of the partnership’s business. That section, however, only restricts the authority of the general partners to “[d]o any act in contravention of the certificate” without the consent of the limited partners. It does not restrict the right of the general partners as the appellant limited partners contend.